# Exhibit A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

TRIAL COURT
SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. *1884CV03239B*

RIEMER & BRAUNSTEIN LLP,

Plaintiff

v.

MONROE CAPITAL MANAGEMENT
ADVISORS LLC; MONROE CAPITAL
PARTNERS FUND LP; MONROE
CAPITAL CORPORATION; MONROE
CAPITAL PARTNERS FUND LLC,

Defendants

**COMPLAINT**

## INTRODUCTION

The Plaintiff, Riemer & Braunstein LLP, brings this Complaint seeking to recover its legal fees, plus interest and costs, owed by the Defendants, on account of unpaid fees for legal services rendered by the Plaintiff for the Defendants' benefit and at the Defendants' direction.

## PARTIES

1.     The Plaintiff, Riemer & Braunstein LLP (the "Firm") is a limited liability partnership duly organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at One Center Plaza, Boston, Suffolk County, Massachusetts.

2.     The Defendant Monroe Capital Management Advisors LLC, is a Delaware limited liability company headquartered at 311 South Wacker Drive, Suite 6400, Chicago Illinois 60606.

3.      The Defendant Monroe Capital Partners Fund LP is a Delaware limited partnership headquartered at 311 South Wacker Drive, Suite 6400, Chicago, Illinois 60606.

4.      The Defendant Monroe Capital Partners Fund LLC is a Delaware limited liability company, headquartered at 311 South Wacker Drive, Suite 6400, Chicago, Illinois 60606.

5.      The Defendant Monroe Capital Corporation is a public company incorporated in the State of Maryland, which does business by, through, and with its related and affiliated entities and the other Defendants in this action under the name "Monroe Capital." It is a leading lender to middle market companies with Monroe Capital Management Advisors as its administrator. According to Monroe Capital Corporation's Form N-2 Registration Statement under the Securities Act of 1933, filed with the United States Security and Exchange Commission on March 26, 2018, and signed by Theodore L. Koenig, Chief Executive Officer, Monroe Capital Corporation does business under the style of its affiliates and maintains offices and/or company representatives in Massachusetts, among other locations. Monroe Capital Corporation and the other Defendants will be referred to as "Monroe" or 'Defendants".

## FACTS COMMON TO ALL COUNTS

6.      The Firm re-alleges and specifically incorporates herein by reference the allegations contained in Paragraphs 1 through 5 above.

7.      In September, 2005, the Firm was retained by Monroe as legal counsel. The Firm has represented Monroe in over 20 matters.

8.      In the summer of 2016, the Firm was retained by Monroe to represent Monroe, as senior secured lender to an entity known as TPP Acquisition, Inc. (the "Debtor"), in connection with the Debtor's planned bankruptcy proceedings.

2

9.     Monroe also was the equity owner of the Debtor, holding 100% of the Debtor's stock in a holding company known as TPG Holding, Inc.

10.     In anticipation of the Bankruptcy petition by the Debtor, Monroe and the Debtor entered into a "stalking horse" asset purchase agreement, by which Monroe would purchase virtually all operating assets of the Debtor by credit bidding all or a portion of Monroe's secured position. Monroe, in its capacity as senior lender, also agreed to advance a "Debtor in Possession" ("DIP") loan to provide operating capital for the Debtor during the anticipated bankruptcy proceedings. Plaintiff represented Monroe in the pre-bankruptcy negotiations, agreements and dealings in question with the Debtor.

11.     On September 2, 2016, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, case number 16-33437-hdh-11.

12.     Also on September 2, 2016, the Debtor, with Monroe's approval, filed with the Court, among other filings, motions seeking approval of the DIP loan; seeking approval of the "stalking horse" agreement and of Monroe credit bidding; and seeking approval of the desired sale process.

13.     From the outset of the case, unsecured creditors and, once appointed, the Official Committee of Unsecured Creditors (the "Committee"), hotly contested the DIP loan and motion; the stalking horse asset purchase agreement; Monroe's right to credit bid; the sale procedure; and the approval, once the sale auction was conducted, of Monroe's purchase agreement. In their opposition to the various proceedings, the Committee made numerous allegations that Monroe and the Debtor failed to comply with appropriate corporate formalities; that the Debtor's

unsecured creditors had suffered grievous injury due to Monroe's alleged domination and control of the Debtor; that the bankruptcy proceedings were being conducted for the sole purpose of Monroe's interest in acquiring the Debtor's assets for improper purposes, as well as a number of additional allegations concerning claimed improper conduct by Monroe and the Debtor.

14.     With the Firm representing Monroe as counsel in many hotly contested hearings at the Bankruptcy Court (with some negotiated compromises with the Committee on certain points); and with contested evidentiary hearings on other disputed points, the Bankruptcy Court ultimately allowed Monroe, through its credit bid, to purchase the principal operating assets of the Debtor. However, the Committee's rights to allege misconduct were preserved, subject to a December 2016 Challenge Period deadline for the Committee to bring claims against Monroe. As a result of these activities, the Firm provided extensive legal services to Monroe and issued invoices to Monroe reflecting the high level of activity in the case.

15.     Prior to the expiration of the Challenge Period, the Committee notified Monroe and the Firm by presenting Monroe with a draft complaint that it intended to bring a long list of claims and allegations of misconduct of Monroe, with a demand for over $10 million if suit were to be filed. Monroe rejected the Committee's settlement demands and refused to extend the Challenge Period deadline for conduct of additional negotiations, thereby essentially ensuring that the Committee would file suit with numerous claims and with extensive relief requested, seeking essentially that all unsecured creditors of the Debtor be paid in full by Monroe. Inasmuch as the Committee had been very aggressive and adversarial during the bankruptcy proceedings, it was obvious to all concerned that any litigation commenced by the Committee would lead to an expensive and a hard fought court battle between Monroe and the Committee.

16.     TPP Holdings, LLC and TPP Operating, Inc., are business entities owned by

Monroe, and together with the Defendants in this action were named as Defendants in an

Adversary Proceeding filed by the Committee in the Debtor's Chapter 11 case on December 9,

2016, case number 16-03161-HDH-11, in the United States Bankruptcy Court for the Northern

District of Texas, Dallas Division (the "Adversary Proceeding").  A copy of the Complaint in said

Adversary Proceeding is annexed hereto as Exhibit A.

17.     In December 2016, the Defendants requested the Firm to file an appearance for

and to defend Monroe Capital Management Advisors LLC; Monroe Capital Partners Fund LP;

Monroe Capital Corporation; Monroe Capital Partners Fund LLC; TPP Holdings LLC and TPP

Operating Inc.; who were sued by the Official Creditors Committee of Unsecured Creditors of

TPP Acquisition, Inc. (the "Committee"), in the Adversary Proceeding.

18.     The Complaint in said Adversary Proceeding filed against the Monroe affiliates

contained twenty-eight claims for relief, seeking, *inter alia*, to avoid, recharacterize, or

subordinate over $40 million of loans to the Debtor held by Monroe, plus affirmative damages of

$20 million plus punitive damages, and alleged that:  (i) Monroe did not act in good faith in

connection with a debtor in possession loan and the purchase of the operating assets of the Debtor

during the bankruptcy proceedings; (ii) Monroe, as indirect owner (through TPP Holdings, Inc.)

of 100% of the Debtor's stock, controlled the debtor's officers and directors, failed to follow

proper corporate formalities and injured unsecured creditors as a result of its alleged control of

inventory purchasing and accounts payable of the Debtor; (iii) Monroe should pay the value of

assets it acquired in the sale, but were not subject to Monroe's liens; (iv) the Debtor was insolvent

in December 2012, and thereafter, and thus the loan by Monroe, amendments to the loan, security

agreement, liens for the loan, and loan repayments were avoidable "fraudulent transfers;" (v) the

Court should "pierce the veil" of the Debtor and Monroe and hold Monroe liable for all obligations of the Debtor , alleged to be in the approximate amount of $19 million to $21 million; (vi) Monroe was liable for contract interference and for aiding and abetting breach of fiduciary duty through its alleged pervasive control of the Debtor; (vii) the loans held by Monroe should be subordinated to unsecured creditors or should be re-characterized as a capital contribution; (viii) payments to Monroe within a year prior to the Petition Date were preferences under section 547 of the United States Bankruptcy Code; and (ix) Monroe breached certain obligations under the Bankruptcy Court Orders, causing harm and damages to the Debtor.

19.     From the inception of the Firm's representation, Monroe agreed to compensate the Firm on an hourly basis at the Firm's established billing rates, for the legal services rendered by the Firm on their behalf, including costs and disbursements, on the same basis as the Firm had previously charged Monroe on its other matters, which was a regularly represented client.  The Firm provided written budgets and fee estimates to Monroe at its request, and informed Monroe, in writing, of the hourly rates being charged by the Firm.  In connection with its representation of the Monroe Defendants in the Adversary Proceeding, the Firm was instructed by Monroe to forward its invoices to Monroe Capital Advisors.  The Firm performed legal services for the Defendants in the Adversary Proceeding led by its Boston attorneys, exchanged communications with Monroe from its Boston offices and issued invoices for payment therefor, which were paid by Monroe by either by wire or check sent to Boston.

20.     In early 2017, on behalf of Monroe, the Firm filed a Motion to Dismiss nineteen of the twenty-eight counts in the Complaint in the Adversary Proceeding, including the fraudulent transfer, piercing the veil and tort claims.  The Motion to Dismiss was allowed, with prejudice, as

to seven specific claims.  A copy of the docket in said Adversary Proceeding is annexed hereto as Exhibit B.

21.    On January 2, 2018, the Court subsequently granted the Firm's motion on behalf of Monroe for partial summary judgment finding, in large part, that the Committee was not entitled to recover the claimed damages of approximately $1.5 purportedly arising from actions and events that occurred after the Adversary Proceeding Complaint had been filed.

22.    At all times material thereto, the Firm took direction from Michael J. Egan, Monroe's Chief Operating Officer and Chief Credit Officer; Theodore L. Koenig, Monroe's Chief Executive Officer and President, and Peter Gruszka, Monroe's General Counsel; and subsequent to July, 2017, from attorney Thomas Cronin, all of which communications were directed to the Firm's Boston office.  Mr. Koenig met with the Firm's attorneys in the Firm's Boston office on January 10, 2017, taking control of the defense of the Adversary Proceeding, including Monroe's planned affirmative responses to the Adversary Proceeding Complaint.

23.    In July, 2017, consistent with the Boston meeting discussions, Monroe retained Attorney Thomas Cronin (i) to file an appearance as co-counsel to take certain actions which the Firm would not take and (ii) to control the litigation and to dictate to the Firm Monroe's strategy for the balance of the litigation.  On July 26, 2017, Attorney Cronin began to instruct the Firm on his strategy, with the approval of Mr. Koenig.

24.    Throughout the course of the Adversary Proceeding, Monroe committed numerous breaches of its payment arrangements with the Firm, sometimes ignoring invoices for months, developing pretexts to delay payments, and even seeking a reduction of the Firm's invoices for following Monroe's litigation strategy.

25.     On January 5, 2018, Attorney Cronin caused Monroe to replace the Firm as lead

Trial Counsel with a local attorney, Attorney Jay Joseph Madrid.  Since Attorney Madrid was not

yet familiar with the complicated Adversary Proceeding case, or with its history and background,

the Firm was instructed to do all work that was necessary to protect Monroe regarding the

upcoming trial in 30 days until Attorney Madrid was fully prepared to try the case.  The Firm was

also instructed that it would remain as Attorney Madrid's co-counsel at the trial.

26.     On January 10 and 11, the Firm sent its invoices to Michael Egan totaling

$126,809.47 for services rendered in December, 2017, including for the obtaining of Partial

Summary Judgment.  Monroe voiced no objection to the invoices or fees for December services,

but failed to pay them when due.

27.     Keenly aware of the upcoming February 5 trial date and related court imposed

deadlines, and keenly aware that Attorney Madrid had just been retained as trial counsel, the Firm

was instructed on January 8, 2018, to oppose the trial continuance requested by the Committee

and to prepare for trial.  Meanwhile new trial counsel, on January 9 and 10, 2018, complemented

the Firm on its work and requested that the Firm continue with trial preparation.  Monroe has not

paid for the Firm's work.

28.     On February 5, the Firm sent its invoices to Michael Egan at Monroe for the

extensive trial preparation time in January.  Egan, now for the first time, claimed not to

understand why the fees were so high given that Monroe had two other counsel, and thus Eagan

sought to negotiate a discount since Attorney Cronin was negotiating a settlement, even though

Monroe confirmed that the Firm had been instructed to perform the trial preparation work which

was "necessary" to meet court imposed deadlines and to oppose the Committee's request for a

continuance.

8

29.     The Firm kept Monroe, Attorney Cronin and Attorney Madrid fully up to date on the work the Firm was doing to protect Monroe, which work was substantial, inasmuch as the case was scheduled for trial during the week of February 5, 2018; the parties were under orders from the court to confer and file a list of all witnesses, exhibits and conclusions of law, a trial brief, and joint pre-trial memorandum with the Court by January 15, 2018; and the Firm needed to file responses to Motions in Limine by January 29, 2018.  Additionally, with the knowledge and approval of Cronin, Egan, and Gruszka, the Firm worked with attorney Madrid to help him get up to speed and to divide tasks for the upcoming scheduled trial on the merits.

30.     In February, 2018, the Firm made demand upon Monroe for payment of all amounts due and owing for services rendered by the Firm on their behalf.

31.     The Firm performed legal services in connection with the Adversary Proceeding for which services a balance remains due and owing for its reasonable fees and expenses in the amount $392,164.44.

32.     In February 2018, Monroe failed and refused to pay the Firm the amounts due and owing.  Accordingly, on March 9, 2018, the Texas Bankruptcy Court allowed the Firm's motion to withdraw as counsel for Monroe for, among other reasons, non-payment of fees.  Monroe did not object to the Firm's withdrawal.

33.     On March 12, Attorney Cronin instructed the Firm to deliver all TPP litigation files to him, and on March 14, 2018, Alex Franky, Managing Director of Monroe Capital LLC terminated the Firm from all non-Adversary Proceeding matters, and requested return of all non TTP files to Monroe.

34.     From and after the Firm's withdrawal Monroe continued to request assistance from the Firm which the Firm provided submitting an invoice dated May 15, 2018 in the amount of $2,747.00, which also remains unpaid.

35.     In accordance with Attorney Cronin's instructions, the Firm delivered all files and work product (some of which Monroe had not paid for) to Attorney Cronin and Attorney Madrid.

36.     The Defendants are jointly and severally obligated to pay the Firm the unpaid fees and disbursements of $394,911.44, plus interest at 12% from the date of breach.

## CAUSES OF ACTION

### COUNT I
### (Breach of Contract)

37.     The Firm re-alleges and specifically incorporates herein by reference the allegations contained in Paragraphs 1 through 36, above.

38.     Monroe contracted with the Firm for legal services to be rendered and agreed to pay the Firm's fees and expenses for those services rendered which totals, $394,911.44.

39.     Monroe has failed, refused and neglected to pay the Firm the full amount due and owing for services rendered by the Firm on their behalf.

40.     Accordingly, the Defendants are each jointly and severally obligated to pay the Firm the sum of $394,911.44, plus interest and costs for unpaid legal services rendered.

### COUNT II
### (Quantum Meruit)

41.     The Firm re-alleges and specifically incorporates herein by reference the allegations contained in Paragraphs 1 through 40 above.

42.     By virtue of the foregoing, the Defendants are jointly and severally obligated to the Firm for the reasonable and fair value of the legal services rendered, and expenses incurred on their behalf, plus interest and costs.

## COUNT III
### (Unjust Enrichment)

43.     The Firm re-alleges and specifically incorporates herein by reference the allegations contained in Paragraphs 1 through 42 above.

44.     As set forth above, the Firm performed legal services on the Defendants' behalf.

45.     Notwithstanding the foregoing, and despite demand therefor, the Defendants have failed and refused to pay the Firm the amounts due and owing for services rendered by the Firm on its behalf.

46.     Accordingly, the Defendants have been unjustly enriched at the Firm's expense and are each jointly and severally obligated to pay the Firm the sum of $394,911.44, plus interest and costs, for unpaid legal services rendered.

## COUNT IV
### (Account Annexed)

47.     The Firm re-alleges and specifically incorporates herein by reference the allegations contained in Paragraphs 1 through 46 above.

48.     The Defendants are each jointly and severally obligated to pay the Firm the sum of $394,911.44 as set forth in the Account Annexed hereto and specifically incorporated herein by reference as Exhibit "C", plus interest and costs.

## COUNT V
### (Breach of Obligations of Good Faith and Fair Dealing)

49.     The Firm re-alleges and specifically incorporates herein by reference the allegations contained in Paragraphs 1 through 48 above.

50.     Monroe, by and through its agents, including Theodore L. Koenig, Michael J. Egan, and Peter Gruszka, have by their actions and conduct breached Monroe's obligations of good faith and fair dealing, in their dealings with the Firm.

51.     As it had in December 2016, again in December, 2017, Monroe owed the Firm substantial sums on invoices at year end which it failed to pay when due and which were delinquent, so as to obtain leverage to negotiate a discount under various pretexts.

52.     The Firm has been damaged by Monroe's breach of its obligations of good faith and fair dealing in an amount to be determined by the Court.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Riemer & Braunstein LLP, respectfully requests:

1.     That Judgment enter in favor of the Plaintiff, Riemer & Braunstein LLP, against each of the Defendants, jointly and severally, in the sum of Plaintiff's legal fees, plus interest from the date of breach and costs, as determined by this Court.

2.     For such other and further relief as this Court deems just and proper.

RIEMER & BRAUNSTEIN LLP,

By its Attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: October 18, 2018

Peter H. Sutton, BBO #489180
psutton@riemerlaw.com
Dennis E. McKenna, BBO #556428
dmckenna@riemerlaw.com
Riemer & Braunstein LLP
One Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>1884CV03239 B | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| | |
|---|---|
| PLAINTIFF(S): Riemer & Braunstein LLP | COUNTY Suffolk |
| ADDRESS: One Center Plaza | |
| Boston, MA 02108 | DEFENDANT(S): Monroe Capital Management Advisors LLC; Monroe Capital Partners<br>Fund LP; Monroe Capital Corporation; Monroe Capital Partners Fund LLC |
| ATTORNEY: Peter H. Sutton | |
| ADDRESS: One Center Plaza | ADDRESS: 311 South Wacker Drive, Suite 6400, Chicago, IL |
| Boston, MA 02108 | |
| 617-880-3400 | |
| BBO: 488180 | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO.<br>A01 | TYPE OF ACTION (specify)<br>Services, labor and materials | TRACK<br>F | HAS A JURY CLAIM BEEN MADE?<br>☐ YES   ☒ NO |
|---|---|---|---|

*If "Other" please describe:

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................... $ _____
2. Total doctor expenses ................................................ $ _____
3. Total chiropractic expenses ........................................ $ _____
4. Total physical therapy expenses ................................. $ _____
5. Total other expenses (describe below) ........................ $ _____
                                             Subtotal (A): $ _____

B. Documented lost wages and compensation to date ............................... $ _____
C. Documented property damages to dated ............................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ................. $ _____
E. Reasonably anticipated lost wages ...................................................... $ _____
F. Other documented items of damages (describe below) ........................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                              TOTAL (A-F):$ _____

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Plaintiff seeks to recover its legal fees, plus interest and costs, owed by Defendants on account of unpaid fees for legal     TOTAL: $   $394,911.44

services rendered by Plaintiff for the Defendants' benefit and at the Defendants' direction.   *Plus interest and costs

Signature of Attorney/Pro Se Plaintiff: X _Peter H. Sutton_         Date: 10/18/18

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____         Date: 10/18/18

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality ***

AA1 Contract Action Involving Commonwealth, Municipality, MBTA, etc. (A)
AB1 Tortious Action Involving Commonwealth, Municipality, MBTA, etc. (A)
AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action Involving Commonwealth, Municipality, etc. (A)
AE1 Administrative Action Involving Commonwealth, Municipality, MBTA,etc. (A)

**CN Contract/Business Cases**

A01 Services, Labor, and Materials (F)
A02 Goods Sold and Delivered (F)
A03 Commercial Paper (F)
A04 Employment Contract (F)
A06 Insurance Contract (F)
A08 Sale or Lease of Real Estate (F)
A12 Construction Dispute (A)
A14 Interpleader (F)
BA1 Governance, Conduct, Internal Affairs of Entities (A)
BA3 Liability of Shareholders, Directors, Officers, Partners, etc. (A)
BB1 Shareholder Derivative (A)
BB2 Securities Transactions (A)
BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property (A)
BD2 Proprietary Information or Trade Secrets (A)
BG1 Financial Institutions/Funds (A)
BH1 Violation of Antitrust or Trade Regulation Laws (A)
A99 Other Contract/Business Action - Specify (F)

* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

D01 Specific Performance of a Contract (A)
D02 Reach and Apply (F)
D03 Injunction (F)
D04 Reform/ Cancel Instrument (F)
D05 Equitable Replevin (F)
D06 Contribution or Indemnification (F)
D07 Imposition of a Trust (A)
D08 Minority Shareholder's Suit (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting (A)
D11 Enforcement of Restrictive Covenant (F)
D12 Dissolution of a Partnership (F)
D13 Declaratory Judgment, G.L. c.231A (A)
D14 Dissolution of a Corporation (F)
D99 Other Equity Action (F)

**PA Civil Actions Involving Incarcerated Party †**

PA1 Contract Action Involving an Incarcerated Party (A)
PB1 Tortious Action Involving an Incarcerated Party (A)
PC1 Real Property Action Involving an Incarcerated Party (F)
PD1 Equity Action Involving an Incarcerated Party (F)
PE1 Administrative Action Involving an Incarcerated Party (F)

**TR Torts**

B03 Motor Vehicle Negligence - Personal Injury/Property Damage (F)
B04 Other Negligence - Personal Injury/Property Damage (F)
B05 Products Liability (A)
B06 Malpractice - Medical / Wrongful Death (A)
B07 Malpractice - Other (A)
B08 Wrongful Death, G.L. c.229 §2A (A)
B15 Defamation (A)
B19 Asbestos (A)
B20 Personal Injury - Slip & Fall (F)
B21 Environmental (F)
B22 Employment Discrimination (F)
BE1 Fraud, Business Torts, etc. (A)
B99 Other Tortious Action (F)

**RP Real Property**

C01 Land Taking (F)
C02 Zoning Appeal, G.L. c. 40A (F)
C03 Dispute Concerning Title (F)
C04 Foreclosure of a Mortgage (X)
C05 Condominium Lien & Charges (X)
C99 Other Real Property Action (F)

**MC Miscellaneous Civil Actions**

E18 Foreign Discovery Proceeding (X)
E97 Prisoner Habeas Corpus (X)
E22 Lottery Assignment, G.L. c. 10 §28 (X)

**AB Abuse/Harassment Prevention**

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E(X)

**AA Administrative Civil Actions**

E02 Appeal from Administrative Agency, G.L. c. 30A (X)
E03 Certiorari Action, G.L. c.249 §4 (X)
E05 Confirmation of Arbitration Awards (X)
E06 Mass Antitrust Act, G.L. c. 93 §9 (A)
E07 Mass Antitrust Act, G.L. c. 93 §8 (X)
E08 Appointment of a Receiver (X)
E09 Construction Surety Bond, G.L. c. 149 §§29, 29A (A)
E10 Summary Process Appeal (X)
E11 Worker's Compensation (X)
E16 Auto Surcharge Appeal (X)
E17 Civil Rights Act, G.L. c.12 §11H (A)
E24 Appeal from District Court Commitment, G.L. c.123 §9(b) (X)
E25 Pleural Registry (Asbestos cases)
E94 Forfeiture, G.L. c.265 §56 (X)
E95 Forfeiture, G.L. c.94C §47 (F)
E99 Other Administrative Action (X)
Z01 Medical Malpractice - Tribunal only, G.L. c. 231 §60B (F)
Z02 Appeal Bond Denial (X)

**SO Sex Offender Review**

E12 SDP Commitment, G.L. c. 123A §12 (X)
E14 SDP Petition, G.L. c. 123A §9(b) (X)

**RC Restricted Civil Actions**

E19 Sex Offender Registry, G.L. c.6 §178M (X)
E27 Minor Seeking Consent, G.L. c.112 §12S (X)

TRANSFER YOUR SELECTION TO THE FACE SHEET

| EXAMPLE: CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

### A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1884CV03239B

Riemer & Braunstein LLP , PLAINTIFF(S),

v.

Monroe Capital Management
Advisors LLC, et al. , DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO Advisors LLC
Monroe Capital Management
. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, Superior Court, Suffolk (address: Three Pemberton Square, Boston, MA 02108), by mail or in person, **AND**
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Peter H. Sutton, Esquire, Riemer & Braunstein LLP One Center Plaza, Boston, MA 02108

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on  October 18,  2018, 20_____.

*Michael Joseph Donovan*
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____
_____
_____

Dated: _____, 20____      Signature: _____

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO.   1884CV03239B

Riemer & Braunstein LLP , PLAINTIFF(S),

v.

Monroe Capital Management
Advisors LLC, et al.    , DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO Monroe Capital Partners Fund LP . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior    Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Superior    Court, Three Pemberton Square Boston, MA 02108 address), by mail or in person, **AND**

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Peter H. Sutton, Esquire, Riemer & Braunstein LLP One Center Plaza Boston, MA 02108 .

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.  Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on __October 18_____, 20_18_.

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20___          Signature: _____

N.B.    TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO.  1884CV03239B

Riemer & Braunstein LLP , PLAINTIFF(S),

v.

Monroe Capital Management
Advisors LLC, et al.     , DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO _Monroe Capital Corporation_____. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the __Suffolk Superior___ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, __Superior__ Court, __Suffolk__
   (__Three Pemberton Square__
   __Boston, MA 02108__address), by mail or in person, **AND**

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: __One Center Plaza__
   __Peter H. Sutton, Esquire, Riemer & Braunstein LLP__
   __Boston, MA 02108__

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.    **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.    **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___October    18___, 20_18_.

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

     I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20___     Signature: _____

N.B.    **TO PROCESS SERVER:**

     PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO.  1884CV03239B

Riemer & Braunstein LLP , PLAINTIFF(S),

v.
Monroe Capital Management
Advisors LLC, et al.     , DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO Monroe, Capital Partners Fund LLC(Defendant's name)

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior     Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**  To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Superior     Court, Three Pemberton Square, Boston, MA 02108(address), by mail or in person, AND
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Peter H. Sutton, Esquire, Riemer & Braunstein LLP One Center Plaza, Boston, MA 02108

3. **What to include in your response.**  An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "**Motion to Dismiss,**" if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.   **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___October 18___, 20__18__.

*Michael Joseph Donovan*
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.


## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20___        Signature: _____


**N.B.    TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1884CV03239 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| | | Michael Joseph Donovan, Clerk of Court |
|---|---|---|
| CASE NAME: Riemer & Braunstein LLP vs. Monroe Capital Management Advisors LLC et al | | |
| TO: | | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**      **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 01/16/2019 | |
| Response to the complaint filed (also see MRCP 12) | | 02/15/2019 | |
| All motions under MRCP 12, 19, and 20 | 02/15/2019 | 03/18/2019 | 04/16/2019 |
| All motions under MRCP 15 | 02/15/2019 | 03/18/2019 | 04/16/2019 |
| All discovery requests and depositions served and non-expert depositions completed | 08/14/2019 | | |
| All motions under MRCP 56 | 09/13/2019 | 10/15/2019 | |
| Final pre-trial conference held and/or firm trial date set | | | 02/10/2020 |
| Case shall be resolved and judgment shall issue by | | | 10/19/2020 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 10/18/2018 | ASSISTANT CLERK Christine M Hayes | | PHONE (617)788-8141 |
|---|---|---|---|

Date/Time Printed: 10-18-2018 11:54:49

SCV026 08/2018