UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RIEMER & BRAUNSTEIN LLP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 1:18-CV-12401 |
| | ) |
| MONROE CAPITAL MANAGEMENT | ) U.S. District Judge |
| ADVISORS LLC; MONROE CAPITAL | ) Allison D. Burroughs |
| PARTNERS FUND LP; MONROE | ) |
| CAPITAL CORPORATION; and | ) |
| MONROE CAPITAL PARTNERS | ) |
| FUND LLC, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' COUNTERCLAIM

NOW COME the Defendants, MONROE CAPITAL MANAGEMENT ADVISORS LLC, MONROE CAPITAL PARTNERS FUND LP, MONROE CAPITAL CORPORATION and MONROE CAPITAL PARTNERS FUND LLC, by and through their attorneys, STEVENSON McKENNA & CALLANAN LLP, and for their Counterclaim against Reimer & Braunstein LLP state as follows:

### NATURE OF THE ACTION

1.     This counterclaim arises from the Firm's improvident decision to sue Monroe for alleged unpaid fees. That is, frankly, not the case. Instead, as described in detail below, the Firm failed in its representation of Monroe in the underlying bankruptcy matter and breached the applicable standard of care for bankruptcy lawyers purporting to practice at Riemer's level. Monroe even paid Riemer one million dollars for its services -- a gross overpayment in light of the Firm's negligent conduct. Monroe is now compelled to pursue its counterclaim to disgorge Riemer of the fees it received as well as to collect the substantial damages that Monroe incurred

as the proximate consequence of the Firm's misconduct.

## PARTIES

2. Counter-Plaintiff, Monroe Capital Management Advisors LLC, is a Delaware limited liability company headquartered at 311 South Wacker Drive, Suite 6400, Chicago Illinois 60606.

3. Counter-Plaintiff Monroe Capital Partners Fund LP is a Delaware limited partnership headquartered at 311 South Wacker Drive, Suite 6400, Chicago, Illinois 60606.

4. Counter-Plaintiff Monroe Capital Partners Fund LLC is a Delaware limited liability company, headquartered at 311 South Wacker Drive, Suite 6400, Chicago, Illinois 60606.

5. Counter-Plaintiff Monroe Capital Corporation is a public company incorporated in the State of Maryland, headquartered at 311 South Wacker Drive, Suite 6400, Chicago, Illinois 60606.

6. Monroe Capital Management Advisors LLC, Monroe Capital Partners Fund LP, Monroe Capital Partners Fund LLC and Monroe Capital Corporation shall be referred to here as "Monroe".

7. The Counter-Defendant, Riemer & Braunstein LLP (the "Firm" or "Riemer") is a limited liability partnership duly organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at One Center Plaza, Boston, Suffolk County, Massachusetts.

8. Donald Rothman, Steven Fox, Paul Samson and Jeffrey Ganz and any other attorney and professional of the Firm who purported to performed legal services for Monroe are agents of the Firm and any of their conduct or negligent acts, including all damages flowing therefrom, are fully attributed to the Firm.

## BACKGROUND FACTS

9. Monroe hired Riemer & Braunstein LLP (the "Firm") to represent them in the summer of 2016, as senior secured lender to an entity known as TPP Acquisition, Inc. (the "Debtor"), in connection with the Debtor's planned bankruptcy proceedings.

10. As part of the Firm's representation of Monroe during the pre-petition and post-petition proceedings, Monroe paid the Firm approximately $1 million in legal fees.

11. On September 2, 2016, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, case number 16-33437-hdh-11. ("Bankruptcy Case").

12. As of the date the Bankruptcy Case was filed, a senior lender had loaned the Debtor in excess of $41 million.

13. After the Bankruptcy Case was filed, Monroe provided post-petition DIP financing so that ultimately the Debtor owed Monroe in excess of $48 million.

14. As the senior secured lender, Monroe on the advice of the Firm's counsel credit bid a fraction of their outstanding indebtedness to purchase the operating assets of the Debtor.

15. Ultimately, within the Bankruptcy Case, the Bankruptcy Court allowed Monroe, through its credit bid, to purchase the principal operating assets of the Debtor for a credit bid of $12 million.

16. That left Monroe with an outstanding secured indebtedness in excess of $36 million.

17. In connection with the bankruptcy case, two companies affiliated with the Debtor, TPP Holdings, LLC and TPP Operating, Inc., together with the Monroe Counter-Plaintiffs were

named as defendants in an Adversary Proceeding filed by the Official Creditors Committee of Unsecured Creditors of TPP Acquisition, Inc. ("Committee") in the Debtor's Chapter 11 case on December 9, 2016, case number 16-03161-HDH-11, in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Adversary Proceeding").

18. In December 2016, the Firm filed an appearance for Monroe Capital Management Advisors LLC; Monroe Capital Partners Fund LP; Monroe Capital Corporation; Monroe Capital Partners Fund LLC; TPP Holdings LLC and TPP Operating Inc. in the Adversary Proceeding.

19. During the Firm's representation of Monroe, both pre-petition and post-petition, the Firm negligently advised Monroe on several key issues.

20. For instance, on November 3, 2016, a Sale Order was entered in the Bankruptcy Case which provided, "the Closing of the Sale shall be deemed a novation of and extinguish any claim that Monroe Capital Management Advisors LLC, Monroe Capital Fund Partners Fund LP, and Monroe Capital Corporation, Purchaser, or any of their respective successors and assigns may have against Debtor the estate with respect to the DIP Financing Obligations or the Pre-Petition Financing Obligations that is in excess of any valid Credit Bid."

21. The Firm failed to properly advise Monroe regarding the legal and practical implications of agreeing to the Sale Order language and thereby breached the standard of care the Firm owed to Monroe.

22. Effectively, the Sale Order extinguished any claim that Monroe retained in connection with the millions of dollars in the difference between the credit bid of $12 million and the amount of their senior secured loan in an amount in excess of $48 million.

23. On May 18, 2018, the Firm filed an answer and affirmative defenses to the complaint brought by the Committee in the Adversary Proceeding. The Firm failed to assert any

4

counterclaim or claim for setoff at the time the answer and affirmative defenses were filed.

24. On July 7, 2017, the Firm filed a motion and brief requesting leave to file a counterclaim for set-off and recoupment in the Adversary Proceeding.

25. The motion requested leave to file a counterclaim to allow Monroe to offset the balance of its pre-petition and DIP loan secured financing against any damages sought by the Committee in the Adversary Proceeding. In other words, the Firm asserted that Monroe retained claims for its pre-petition and DIP loan amounts in excess of its credit bid.

26. The amount of the offset at that time was approximately $36 million.

27. The Committee objected to the motion for leave to file a counterclaim arguing that the counterclaim was untimely, and that Monroe had waived any right to setoff when it agreed to the terms of the Sale Order.

28. On August 22, 2017, the Court denied Monroe leave to file the counterclaim finding that "Monroe has been aware of its set-off and recoupment rights for quite some time" and that the "language regarding the novation and extinguishment of Monroe's claims with respect to the DIP Financing Obligations and the Pre-Petition Financing Obligations in paragraph 9 of the Sale Order" is clear.

29. Moreover, the Firm's representation of Monroe in pre-petition and post-petition proceedings was negligent in one of more of the following ways:

   a. Failed to properly advise Monroe related to Monroe's senior debt in the Bankruptcy Case and Adversary Proceeding;

   b. Failed to assert Monroe's right to setoff and recoupment in a timely fashion;

   c. Failed to properly preserve Monroe's right to setoff and recoupment for the pre-petition and post-petition DIP financing provided to Debtor in excess of the credit

bid;

d. Failed to properly advise Monroe related to the Sale Order and the legal and practical implications of certain actions;

e. Failed to timely and properly assert Monroe's senior liens and defenses that could be raised in the Adversary Proceeding.

f. Failed to properly protect Monroe's interest in relation to the Carve-Out from the DIP financing.

g. Failed to properly defend Monroe and prosecute the Adversary Proceeding in breach of the applicable standard of care.

30. The Firm's professional negligence has proximately caused Monroe to suffer substantial damages, including the overpayment of legal fees that the Firm has already received, the costs and expenses incurred in defending this lawsuit and the substantial damages incurred by Monroe in the pre-petition and post-petition proceedings.

## COUNT I

## (PROFESSIONAL NEGLIGENCE)

31. Monroe Counter-Plaintiffs incorporate and re-allege as if set forth herein paragraphs 1 through 30 as this paragraph 31.

32. At all relevant times, Monroe and the Firm maintained an attorney-client relationship.

33. The Firm's professional negligence has proximately caused Monroe to suffer substantial damages.

34. Due to the Firm's misconduct, all fees paid to the Firm for their representation in the pre-petition and post-petition proceedings should be disgorged.

Wherefore, Counter-Plaintiffs, Monroe Capital Management Advisors LLC, Monroe Capital Partners Fund LP, Monroe Capital Partners Fund LLC and Monroe Capital Corporation, respectfully request that judgment be entered in their favor and against Riemer & Braunstein LLP for all damages proximately resulting from the Firm's misconduct.

## JURY DEMAND

Defendants request a trial by jury on all issues so triable.

> Respectfully submitted,
>
> **Monroe Capital Management Advisors, LLC; Monroe Capital Partners Fund, LP; Monroe Capital Corporation, Monroe Capital Partners Fund LLC**
>
> By:  /s/ Benjamin D. Stevenson, Esq.
>      One of its attorneys

Benjamin D. Stevenson, Esq. (BBO 638121)
STEVENSON McKENNA & CALLANAN LLP
21 Merchants Row, 5th Floor
Boston, MA 02110
(617) 330-5005
Email: bstevenson@smcattorneys.com

## CERTIFICATE OF SERVICE

I, Benjamin D. Stevenson, Esq., an attorney, hereby certify that I have filed the aforementioned document via Electronic Case Filing with the United States District Court of Massachusetts which sent notification to all counsel of record on this 13th day of June, 2019.

> /s/Benjamin D. Stevenson, Esq.
> One of its attorneys